PER CURIAM.
The appellant Simon J. Wikler and the appellee Leonard Haber were candidates *52 for the office of councilmen of the City of Miami Beach in a runoff election held on November 16, 1971, wherein said Leonard Haber prevailed.
On the day following that of the election the unsuccessful candidate Wilder filed a petition in the circuit court entitled “Petition for Recanvass of Return and for Examination of Voting Machines and Prohibitive Injunction to Stay Installation of Leonard Haber in the Office of Councilman for the City of Miami Beach.”
This appeal is by the petitioner from a summary judgment entered in favor of the defendants, the successful candidate Haber, the City of Miami Beach and the city councilmen who also comprise the canvassing board.
Incident to the granting of the summary judgment the court made certain findings and holdings as follows:
“The Court has considered the pleadings, and the matters and things set forth in the filed Petition, including the Affidavits of Hoke Welch, the Acting Supervisor of Voter Registration for Dade County, Florida, and Joseph A. Wanick, the Attorney for' the City of Miami Beach, and all the defendants except Leonard Haber. No affidavits have been filed on behalf of the Petitioner.
‡ # sfc ‡ ‡ ‡
“The Court further finds that on March 3, 1972, this Court had entered its Order releasing the said voting machines to Dade County and its Supervisor of Voting and Registration for such lawful or valid use thereof as he deemed proper, and without any order or restraint placed thereon. This Order was entered pursuant to Notice, and no Petition for rehearing to this Court or any interlocutory appeal or otherwise was taken therefrom.
jjc He * * * *
“It further appeals from the file in this cause, that in compliance with the Order of this Court, the Petitioner, his attorney and his representatives examined all the voting machines used in voting precincts 108 and 114, which Petitioner contends were the precincts primarily involved herein. It appears, completely without contradiction that upon the check, recheck and tabulation of those machines they showed the identical number of votes reported to the City Council and tabulated by its canvassing Board on November 17, 1971, without any change in any particular whatsoever as shown.by the return sheet canvassed by the said canvassing Board at said Council meeting on November 17, 1971. The Court finds that there is nothing in this file to indicate that the like result would not have followed as to all the remaining machines in all the other precincts.”
The record supports the summary judgment, and the appellant has failed to demonstrate reversible error.
Affirmed.